UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
JOHNNY RAY CHANDLER,            )
                                )
           Plaintiff,           )
                                )
      v.                        )     Civil Action No. 16-1890 (BAH)
                                )
NEAL KIMBEL,                    )
                                )
           Defendant.           )
                                )

**MEMORANDUM OPINION**

This matter is before the Court on the Defendant's Motions to Dismiss or, Alternatively, for Summary Judgment, ECF No. 5, and for Extension of Time to File Reply, ECF No. 7. For the reasons discussed below, the Court will grant the former and deny the latter as moot.

**I. BACKGROUND**

At all times relevant to the complaint, the plaintiff has been in the custody of the Federal Bureau of Prisons ("BOP") and designated to the Administrative Maximum United States Penitentiary in Florence, Colorado ("ADX Florence"). *See* Compl., ECF No. 1-1 at 1. The plaintiff has "been diagnosed with over five mental health conditions" for which he received treatment from a psychologist. *Id*. Dr. Kimbel provided counseling while the plaintiff was housed in the Special Housing Unit. *Id*. On or about April 26, 2016, the plaintiff was returned to the general population and housed in the Eco Unit. *Id*. at 2. After having a single counseling session on May 17, 2016 with Dr. Mann, the psychologist assigned to Eco Unit, the plaintiff "left with a very positive outlook on life and positive plans for the future." *Id*. He compared this

1

session to those with Dr. Kimbel, commenting that Dr. Kimbel "keeps [him] focused on being denied and rejected." *Id*.

According to the plaintiff, "Dr. Kimbel met with Dr. Mann and instructed her not to see [him] any more for counseling." *Id*. The plaintiff deemed this action "malicious interference" and the "denial of mental health treatment." *Id*. In addition to an award of $100,000, *id*. at 1, the plaintiff demands a court order requiring that the plaintiff receive psychotherapy from Dr. Mann, *id*. at 3.

The BOP's Administrative Remedy Program is the means by which inmates may "seek formal review of any aspect of their confinement." Mem. of P. & A. in Support of Def.'s Mot. to Dismiss or, Alternatively, for Summ. J., ECF No. 5-1 ("Def.'s Mem."), Kissell Decl. ¶ 4. It "is typically a four-tiered review process comprised of an informal resolution process and then formal requests to the Warden, the Regional Director, and the Office of the General Counsel." *Id*. The "process is not complete until the Office of General Counsel replies, on the merits, to the inmate's [request] or if a response is not forthcoming within the time allotted for reply." *Id*. ¶ 5.

The defendant's declarant states that, of the 26 formal requests submitted by the plaintiff between May 19, 2016 and November 1, 2016, *id*. ¶ 7, "four of these requests related to the claims alleged in this litigation," *id*. ¶ 9. None of these four requests made its way to the Office of General Counsel, however. *Id*. Based on his review of the plaintiff's requests, the declarant concludes that the plaintiff "did not exhaust his remedies as related to complaints against the defendants raised in the present case through the BOP's Administrative Remedy Program." *Id*. ¶ 10.

On June 20, 2016, the plaintiff filed an administrative tort claim "alleging that BOP had failed to provide proper mental health treatment since March 2016." *Id*. ¶ 11; *see* Def.'s Mem.,

2

Ex. 1.  The BOP denied the claim on August 18, 2016, Kissell Decl. ¶ 13; *see* Def.'s Mem., Ex. 2.

## II. DISCUSSION

The plaintiff filed this action in the Superior Court of the District of Columbia on June 13, 2016.  The defendant removed the case on September 21, 2016 and filed the motion to dismiss or for summary judgment on November 21, 2016.  On November 22, 2016, the Court issued an Order advising the plaintiff of his obligations under the Federal Rules of Civil Procedure and the local civil rules of this Court.  *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988).  Specifically, the Court notified the plaintiff that, if he failed to file an opposition or other response to the defendant's motion by December 21, 2016, the Court would treat the pending dispositive motion as conceded.  *See* D.D.C. Local Civil Rule 7(b) (permitting court to "treat . . . as conceded" a motion not met with a timely opposing memorandum of points and authorities).  To date, the plaintiff has not filed an opposition to the pending motion, or requested more time to file an opposition, or advised the Court of any change of address.

Under these circumstances, the Court ordinarily would grant the defendant's motion as conceded.  The United States Court of Appeals for the District of Columbia Circuit recently has raised concerns, however, about the use of Local Civil Rule 7(b) to grant unopposed motions to dismiss, *see Cohen v. Bd. of Trs. of the Univ. of the District of Columbia*, 819 F.3d 476, 482 (D.C. Cir. 2016), and for summary judgment, *see Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 507-08 (D.C. Cir. 2016).  Despite acknowledging the value of Local Civil Rule 7(b) as an important "docket-management tool that facilitates efficient and effective resolution of motions," *Cohen*, 819 F.3d at 480 (quoting *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004)

(additional citation omitted)), the rule "stands in tension with . . . Rule 12(b)(6)," *id.* at 481, and "cannot be squared with . . . Rule 56," *Winston & Strawn*, 2016 WL 7174125, at *3.  In light of the D.C. Circuit's recent rulings, the Court briefly addresses the merits of the defendants' arguments.

The plaintiff's demand for monetary damages arises from Dr. Kimbel's alleged failure to provide mental health treatment and the harm that resulted.  Based on the representation that "[d]efendant Neal Kimbel was an employee of the Government and was acting within the scope of his employment for the [BOP] at the time of the allegations stated in Plaintiff's Complaint," Certification, ECF No. 1-2, the Court treats the claim as one brought under the Federal Tort Claims Act ("FTCA") against the United States directly.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Under the doctrine of sovereign immunity, the United States is immune from suit unless Congress expressly has waived the defense of sovereign immunity by statute.  *See id.*  The FTCA operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims.  *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962).  Under the FTCA, a claimant may file suit against the United States for claims of "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b).

Nevertheless, limitations under and exceptions to the FTCA doom the plaintiff's claim.  Relevant to this case is the exhaustion requirement:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope

> of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing* and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim *within six months after it is filed* shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added).  "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," and the plaintiff's "fail[ure] to heed that clear statutory command" warrants dismissal of his claim.  *McNeil v. United States*, 508 U.S. 106, 113 (1993).

The six-month period within which the BOP was obliged to respond to the plaintiff's FTCA claim had not expired when the plaintiff initiated this lawsuit.  The defendants demonstrate that the plaintiff filed his complaint in the Superior Court prematurely, *see* Kissell Decl. ¶¶ 12-13, and thus failed to exhaust his administrative remedies.

If the Court were to conclude that the FTCA did not apply, the plaintiff's claim still would be subject to dismissal for failure to exhaust the administrative remedies available to him through the BOP's Administrative Remedy Program.  In relevant part, the Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted); *see Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (noting "that . . . a court may not excuse a failure to exhaust, even to take [special] circumstances into account.").

Exhaustion under the PLRA requires proper exhaustion, meaning that a prisoner must comply with procedural rules, including filing deadlines, as a precondition to filing a civil suit in federal court, regardless of the relief offered through the administrative process.  *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Thus, a prisoner may file a civil action concerning conditions of confinement under federal law only after he has exhausted the prison's administrative remedies.  *See Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001).

The defendant demonstrates that none of the administrative remedy requests submitted by the plaintiff between May 19, 2016 and November 1, 2016 pertained to mental health treatment the plaintiff allegedly did not receive at ADX Florence had progressed through the final tier for review by the Office of General Counsel.  *See* Kissell Decl. ¶¶ 7-10.

### III. CONCLUSION

The Court concludes that the plaintiff did not exhaust his administrative remedies under the FTCA and the PLRA prior to filing this action in the Superior Court of the District of Columbia.  Accordingly, the Court grants the defendant's motion.  An Order consistent with this Memorandum Opinion is issued separately.

DATE: January 17, 2017            /s/ *Beryl A. Howell*

                                                               BERYL A. HOWELL
                                                                Chief Judge